UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THOMAS L. LEE, )
 )
    Plaintiff, ) 3 09 0590
 )
v., ) No. 3:09mc0115
 ) Judge Campbell
CORRECTIONS CORPORATION OF )
AMERICA, ET AL., )
 )
    Defendants. )

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Metro-Davidson County Detention Facility (MDCDF) in Nashville. He brings this action under 42 U.S.C. § 1983 against the following defendants: 1) Corrections Corporation of America (CCA); 2) Canteen Correctional Services (CCS); and 3) Jimmy Hale, the "contract monitor" at MDCDF. The plaintiff seeks injunctive relief, alleging that the defendants violated his rights under the First and Eighth Amendments. The plaintiff is suing the defendants in their official capacity only.

The plaintiff alleges that the defendants are violating his rights under the First Amendment, because they do not prepare and serve his food according to kosher standards.[1] The plaintiff asserts that he is of the Jewish faith. The plaintiff also alleges that the food served at MDCDF often is inadequate and unwholesome in violation of his rights under the Eighth Amendment.

### II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was

---

[1] The statement of the facts comprises five (5) pages – each numbered p. 5 – attached after p. 4 of the form-complaint.

caused by a person acting under color of state law.[2] *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The alleged actions that gave rise to the plaintiff's complaint all are attributed to CCA and CCS employees who work at MDCDF. It is apparent from the complaint, therefore, that the plaintiff's legal theory is that the defendants are liable under the doctrine of *respondeat superior*.

The law is settled that actions brought against state actors cannot be maintained on a theory of *respondeat superior*. *see Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S.

---

[2] Privately held corporations such as CCA and CCS "'act[] under color of state law' in . performing 'the traditional state function' of operating a prison." *Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996)(citing *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993)).

2

658, 659, 691-95 (1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), unless the defendants were personally involved in the alleged violations of the plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] government contractor [also] cannot be held liable on a *respondeat superior* theory." *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005).

For vicarious liability to attach, the defendants must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The plaintiff does not allege, nor can it be liberally construed from the complaint, that the defendants were directly responsible for the alleged actions of the CCA and CCS employees at MDCDF. Neither does the plaintiff allege that the defendants acted pursuant to a county/corporate policy or custom that violated his constitutional rights. *See e.g., Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). Consequently, the defendants are not liable to the plaintiff under the doctrine of *respondeat superior*.[3]

Giving this *pro se* complaint a liberal construction, it could be that the plaintiff intended this official capacity only lawsuit as an action against the political/corporate entities for whom the defendants act as agents. In the instance of CCA and CCS, both act as an agent for the County of Davidson. As for defendant Hale, if he is a county employ monitoring a county contract, then an official capacity lawsuit against him also is a lawsuit against the County of Davidson. On the other hand, if defendant Hale is CCA employee, then a lawsuit against him in his official capacity is a

---

[3] The plaintiff argues that he has tried to resolve this matter through the MDCDF grievance process. Assuming that the defendants were aware of his complaints through the grievance process, a "combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability . . . under § 1983." *Miller v. Bock*, No. 02-1964, 2003 WestLaw 202173 at *2 (6th Cir. (Mich.))(citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989)).

lawsuit against CCA. *See Johnson*, 398 F.3d at (6th Cir. 2005)("a private contractor is liable for a policy or custom of *th[e] private contractor*, rather than a policy or custom of the [governmental entity]")(emphasis in the original)(internal citations omitted).

To prevail against the County of Davidson by suing the defendants in their official capacity, or against CCA by suing defendant Hale in his official capacity as a CCA employee, the plaintiff must allege that the violations of his constitutional rights stemmed from a county/corporate policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *See e.g. City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 690-91; *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir. 1996). As previously established, the plaintiff makes no such allegations. Consequently, the plaintiff's lawsuit against the defendants in their official capacity does not impose liability under § 1983 on either the County of Davidson or CCA.

### III. CONCLUSION

The complaint lacks an arguable basis in law or fact. Accordingly, it will be dismissed as frivolous.

An appropriate order will be entered.

Todd Campbell
United States District Judge

4